Good morning, your honors. John Lemon for Mr. Navarro. Your honors, Mr. Navarro's sentence should be reversed simply because he had zero criminal history points and the district court erred in finding him ineligible for safety valve relief. This is not a nunk-pro-tunk case. That issue is not really presented here. This is a straightforward application of the sentencing guidelines. On February 23rd of 2005, Mr. Navarro pled guilty to driving, or I think he may have pled no contest, to driving without a valid license in violation of California Vehicle Code Section 12500. On January 17, 2006, within one year, his probation was terminated by the state court. Thus, that offense. When he committed the offense in question here, he was then under a criminal justice sentence and had a year of probation. Is that true? At the time he committed the offense, never mind the nunk-pro-tunk stuff for a minute. Right. I don't think we reach nunk-pro-tunk. At the time that he was, when he originally pled, February of 2005. When he committed, listen to me, when he committed his offense, he was under a criminal justice sentence. He had a probation term of one year. Is that correct? Your Honor, respectfully, I think the guidelines say otherwise. Because the reason for that is because under 4A1.1d, application no. 4, a criminal justice sentence is defined as a sentence countable under section 4A1.2. And because the term imposed by the state court was less than a year's probation, he was not.  Because it was terminated in January of 2006. So the final determination of the state court. Are you listening to my question? At the time he committed his offense, the sentence was one year probation. Was it not? At the moment he committed it, was it or was it not? At the time that he committed this offense, yes. Okay. So your argument has to be then that when it says if you commit the offense while you're under a criminal justice sentence, that doesn't count if later on it turns out you weren't because they changed it. Is that correct? Almost. What I'm saying is that he, to be a criminal justice sentence, as defined under the guidelines, he has to receive a term of probation of at least a year. And at the moment he committed his offense, he committed his offense while under a criminal justice sentence. At that moment that he committed it, he was indeed under a one-year probation sentence. Was he not? I think you said yes. I believe it was actually three at that moment, but that's irrelevant to the analysis. Well, it's irrelevant to you. I understand that. But you're saying since it was changed later on by the time of his sentencing, he was not under a criminal justice sentence, correct? He was not under a criminal justice sentence at the time because the guidelines define criminal justice sentence as a probationary term. I'm sorry, as a countable offense under 4A1.2C. Right. I'm sorry? Right. It has to be a countable sentence, and it was never a countable sentence under 4A1.2C. Never was countable? Never, because he didn't. Suppose he'd been sentenced on the day he committed his offense. Would it have been countable then? Well, you mean if he had been sentenced in the federal case on the same day? Sure, because in a perfect world, we don't have transaction costs. Everything gets done like that. So the perfect world, he commits his offense, he's under the sentence, and the federal judge sentences him on the same day. Well, Your Honor. What if that happened? Well, the final determination of the state court is all that the federal court is concerned with under United States v. Guthrie. The final determination of the state court was that he received a sentence of probation of less than a year. Let me ask you a different way. So if he had been sentenced here, and then two months later the state court had non-pro-tunk, or whatever they want to call it, reduced his one-year sentence to probation, he would be here telling us the same thing. Is that correct? I don't think we've reached the non-pro-tunk issue. I don't think that affects this case. He would be here telling us the same thing. Is that correct? I'm sorry. If you could ask the question again. He's sentencing the federal court at a time when the state court sentence is one-year probation. He's sentencing the federal court. Sentence goes down, judge signs it. Two months later, the state judge says, whoops, I've decided to make it 11 months. Would you be making the same argument to me now because of that? Well, I think that there's ample authority that when state court convictions are changed after federal sentences are imposed, you can go back and ask for a resentencing. I think the Supreme Court case of the United States v. Daniel says that. But if I may, I'd like to backtrack to what Your Honor was saying about the transaction cost and if the sentences had occurred on the same day. And what I'd like to point out here is that if Mr. Navarro – say that this had gone the other way for Mr. Navarro. Let's say that instead of having his probation terminated before a year had expired, let's say the state court was not happy with Mr. Navarro for having committed a federal offense and, in fact, revoked his probation and imposed a sentence of 60 days in custody. Well, then that is going to score under the guidelines. That's going to score under, I believe it's 4A1.2, application note 11 talks about that. And so that door has got to swing both ways. If someone is put on probation and then gets revoked once, twice, however many times, you're supposed to add up the total sentences to figure out what – how many criminal history points those convictions are going to score. But here the door actually swung the other way for Mr. Navarro. His probation was terminated before he – was terminated sort of a year. I understand the argument. The difficulty that I'm having with this case is that this looks, let's say analogically, a lot like the federal firearms statute. Okay? Felon in possession. If you're convicted of a state felony and at the time you're sentenced in federal court, that felony is still outstanding, or rather at the time you committed your offense, that felony was still outstanding, you still get a federal firearms prosecution at that point. Felon in possession. Because at that moment you were a felon in possession. Maybe later on something will change and you wouldn't be a felon. You're no longer a felon in the state. Waves at the state. Does X, Y, or Z. And this too looks very historical. They're saying to people, listen, if you're under a certain kind of sentence, you better not reoffend or you're going to get two points. And he was and he did. I understand it changed later. But it did change later, didn't it? Your Honor, I profess ignorance as to the firearms issues. All I know is that under 4A1.1d, he's not under a criminal justice sentence because this offense doesn't score under 4A1.2c. Okay, you may look at one thing. I mean, you could see it as you look at when he committed the offense to see whether he was under a criminal justice sentence probation more than a year. Or you could look at when you're actually sentencing, imposing the sentence, how do you define the criminal justice sentence? So at what point in time would you be looking at that? At the time you committed the crime or at the time when you're determining imposing sentence, whether or not it's a countable sentence? At the time that the Federal court is imposing its sentence, it has to evaluate whether any of these offenses score. At the time Mr. Navarro was sentenced in the district court, this driving without a license offense doesn't score by the plain terms of 4A1.2c.1 because he didn't get a year's probation. Therefore, it's not a criminal justice sentence and none of the scores. And I'm sorry, I have less than a minute left if I can save it for rebuttal. Sure, thank you. Good morning again. Kyle Hoffman for the United States. I would suggest that the first issue, the legal issue of whether Mr. Navarro was under a criminal justice sentence at the time he committed his offense, and therefore whether he had two additional points, breaks down to the difference between was a criminal justice sentence calculated at the sentence or at the time he committed the offense? Yeah, it does. And that's what's interesting about that. And we actually have a pending en banc case where the similar issues that it's not released yet, but I wrote the opinion. And so it's interesting when you start thinking about, well, I mean, this presents clearly that problem. When he committed the crime, do we have any law on this at all? But when the judge calculates the criminal, when he actually calculates the criminal history points, it doesn't qualify. Okay. So is the judge supposed to, I mean, it's almost like you're asking him to go back and go through all of the State court proceedings instead of just saying, what am I presented with this day when I'm sentencing this person, which is typically how you sentence. I think I understand, Your Honor, and here's what I would suggest. I would suggest that the situation is really resolved by the plain language of the guidelines, because it says, I believe it's for a 1.1D and application of four, but my notes are a little confusing on this. But it says, if the offender was under a criminal justice sentence at the time he committed his offense. So it's not if the offender was under a criminal justice sentence at the time. I realize that's the language of that one. But then, okay, so then a year later, you're the judge, and you're looking at the definition of criminal justice. Right. And Mr. Lemon, or actually previous counsel, has obtained a non-protonc order and says, in essence, and I think he said this. So it doesn't fall within the definition at the time that you're sentencing. That's Mr. Lemon's argument. He says that conviction no longer exists in the record. That criminal justice sentence no longer exists in the record. This is the problem, and I think this is the point that Judge Fernandez was getting at. It's not as if it never existed. It existed at the time of the offense. I took what he was saying, and he can tell us what he was saying, but as sort of the policy behind all of this, which, I mean, there is some policy behind imposing a greater sentence on someone who's committing another crime while they're under or serving probation. Correct. So there is a policy justification for that. And I think that's what the import of Judge Fernandez's question was. Well, he could tell us, but we're just interpreting his question. But what it was is it's not a question of whether counsel was able to obtain a non-protonc order or if the State court later on changed his mind. It's while he was under criminal justice sentence from some court, Federal, State, whatever, did he take that seriously enough to stop committing or to refrain from committing other offenses? And the plain fact of the matter, and this is what the Martinez-Cortez case says, is as a matter of fact, he was under a criminal justice sentence at the time he committed his offense. Right. You're all glossing what I said perfectly well. The point is, although that language does incorporate while under a criminal justice sentence, one can say at that time. That's right. It might not be later, but it is then. What do you do with the one point, though? How do you deal with the one? You know, he gets two and he loses if he gets two, but I think the judge gave him three. Yes. And, Your Honor, I confess I haven't really thought about that issue very much because it seems to me the whole case really hinges on does he get the two and, therefore, is he knocked out of the box for development. You know what troubles me about this case is that it seems as though, I mean, it's almost a detrimental reliance kind of issue. And it wasn't you. I understand it was a prior counsel led him down the path of going through the debriefing and giving up information and all of that with the expectation that he would get this safety valve, and then the government comes in and argues the opposite way. If I could, Your Honor, I'd like to make a couple points about that. First, I think Judge Jones did a very thorough job of giving the reasons, the letters and so on, following on that were essentially red flags, no, we don't have an agreement, so don't, in effect, detrimentally rely on any supposed promise. So I'll put that out first of all. And the second thing, I was thinking about this. In a way, if you think about Mr. Lemons and Mr. Navarro's argument, it's the promise was to stand silent in Federal court. That's how they construe the promise. Now, I don't think there was any such promise for the reasons Judge Jones gave. Didn't Judge Jones decide the other way first? First, yes, he did. And then he went the other way. Yes. So it's close. Well, I would suggest he wasn't fully aware of the circumstances the first time around, but that's my reading of the record. But if I could, the point I'd like to make is if the promise is the government stands silent on the issue of safety valve relief, I would suggest Mr. Navarro still loses. Why? Because legally, Judge Jones, whatever the government does, stands silent, even says we agree, the court's bound by the sentencing guidelines and these mandatory minimum cases to impose a mandatory minimum unless there are no, there are sufficiently low criminal history points. I hope I'm making myself clear. It's really, if the promise is, is being detrimentally relied on, is stand silent, Mr. Navarro, well, okay, the government stands silent. Judge Jones, being obliged to follow the law, must impose a mandatory minimum because he was under a criminal justice sentence at the time he committed his offense. That's a minority. Judge Fernandez, please. Well, I just don't understand where the stand silent comes from. That's not disagreement, correct? I believe that's the import of what Mr. Lemons is suggesting. He's suggesting the government was obliged not to recommend safety valve but not to oppose it. Government was obliged, wasn't affirmatively obliged to recommend safety valve, but rather not to oppose it when it came in front of Judge Jones. That's because, and what Mr. Lemon has done, I think, is said look at the letter that the previous AUSA sent. He said, we take no position, and he almost always omits the letter said, we take no position on what the state court should do. That's what the letter said back in January. The plea agreement itself contemplates a recommendation by the government. I agree. Does it not? I agree. But I guess the point I'm trying to make is that even if you construe the promise that's supposedly being detrimentally relied on as we take no position in contravention of the plea agreement, you know, basically which the government should make a recommendation, we take no position. Even if the government took no position, the court would still be obliged to impose a mandatory minimum sentence because of the strict language, plain language, of the guidelines in these mandatory minimum cases. I would suggest the suggestion that at the time of sentencing, Mr. Navarro was not then under a criminal justice sentence. I would have to agree with that because the state court had, in effect, amended the sentence, so the probation was less than a year. But that's not the relevant inquiry. The relevant inquiry was, was he under a criminal justice sentence at the time he committed his offense. I think it's been conceded that there was a probation not only longer than one year, it was three years at the time Mr. Navarro committed his offense. So unless the Court has further questions, I would submit. Roberts. The starting point for this analysis is the definition of a criminal justice sentence. And Application Note 4 says, defines criminal justice sentence. For the purposes of this item, a criminal justice sentence means a sentence countable under 4A1.2. The government just conceded that Mr. Navarro was not under a criminal justice sentence at the time that he was sentenced. The United States v. Guthrie case makes very clear that the district court is only the state court. We have the state court's final determination that this was less than a year's probation and, therefore, this is not a criminal justice sentence. Mr. Navarro has zero criminal history points. This is not Martinez-Cortez. Martinez-Cortez dealt with a non-proton order modifying probation after the term of probation had already expired. That's not what happened here. The state court was well within its authority to modify and terminate probation during the pendency of the probation term under 1203.3. Thank you, Counselor. This matter will stand submitted. And the next case argument is United States v. Beltran-Quinonez. Thank you.
judges: Fernandez, Wardlaw, Collins